UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO KILPATRICK,

    Plaintiff,

v.      Case No. 3:21-cv-701-BJD-MCR

SHERIFF MIKE WILLIAMS,

    Defendant.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Antonio Kilpatrick, a convicted and sentenced state prisoner currently housed at the Duval County Jail, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1). At the Court's direction, Plaintiff submitted an amended complaint using the Court-approved form (Doc. 3; Am. Compl.). With his amended complaint, Plaintiff filed a motion to proceed in forma pauperis (Doc. 4).

In his amended complaint, Plaintiff complains jail officials have been "negligen[t] by not properly protecting [him] and others from catching the Covid-19 virus." See Am. Compl. at 4. He explains he is "required to live [in] close quarter[s] with two other inmates," and is incapable of practicing social distancing. Id. at 5. Plaintiff alleges he tested positive for the virus and was, therefore, quarantined with other COVID-positive inmates. Now, he is "still

being housed with many individuals . . . and officials are not properly cleaning and sanitizing the living areas." Id. Plaintiff names as the sole Defendant the Sheriff of the Duval County Jail, Mike Williams. Id. at 2.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d

678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." Id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff does not identify a constitutional amendment or federal law he contends Sheriff Williams has violated. Liberally construing his allegations, Plaintiff contends jail employees were deliberately indifferent to a substantial risk of serious harm, implicating the Eighth Amendment. The risk of COVID-19 certainly is a substantial one. However, an official's subjective knowledge of a substantial risk of serious harm does not mean the official was deliberately indifferent to that risk.

> To establish a deliberate-indifference claim, a plaintiff must make both an objective and a subjective showing. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the objective component, the plaintiff must demonstrate "a substantial risk of serious harm." Id. . . . . Under the

3

> subjective component, the plaintiff must prove "the defendants' deliberate indifference" to that risk of harm by making three sub-showings: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Lane [v. Philbin], 835 F.3d [1302,] 1308 [(11th Cir. 2016)] (quotation omitted).

Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020)

In Swain, the Eleventh Circuit emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Id. at 1287. Thus, the inability to control the spread of a contagious, deadly virus inside a jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions to address the risk. Id. at 1298-88. This is so "even if the harm ultimately [was] not averted." Id. at 1286.

Plaintiff fails to state a plausible Eighth Amendment violation, even accepting as true that he contracted the virus. Id. While a failure to implement reasonable, practical safety precautions to protect inmates from COVID-19 could, under some circumstances, amount to deliberate indifference, "[f]ailing to do the 'impossible' doesn't evince indifference, let alone deliberate indifference." Id. 1287. Plaintiff acknowledges it is not possible to achieve social distancing inside the jail. And if jail officials were not properly cleaning, their conduct amounts to negligence, not deliberate indifference. Notably, Plaintiff does not allege having sustained any physical injuries, nor does he

4

allege jail officials denied him constitutionally adequate medical care. See Am. Compl. at 5.

However, even if a jail employee had violated Plaintiff's constitutional rights, Sheriff Williams may not be held liable under § 1983 solely on a theory of supervisory liability or respondeat superior. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Absent allegations of a supervisor's personal participation, or otherwise demonstrating a causal connection between a supervisor's actions and the alleged constitutional deprivation, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates." Id. (internal quotation marks and citation omitted). See also Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) ("A supervising official who did not participate in the allegedly wrongful actions can only be held liable under a theory of supervisory liability if there is a causal connection between the supervising official's actions and the alleged constitutional deprivation."). Plaintiff asserts no factual allegations demonstrating the requisite causal connection to sustain a claim against Sheriff Williams in his individual capacity.

To the extent Plaintiff proceeds against Sheriff Williams in his official capacity, his claim fails for another reason: In Florida, a sheriff's office or jail

facility is not a legal entity subject to suit under § 1983. Id. (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Monroe v. Charlotte Cnty. Jail, No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of August 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Antonio Kilpatrick